Case number 082715 with regards to the marriage of Annette and Howard Brookins. Are those who are going to orally argue, step up please. Good morning. You are? Robert Johnson. Ms. Brookins, we allowed you to pro se orally argue, which is very unusual. Are you an attorney? No. Okay. I was just curious. Now, you have the right to orally argue your own case. But it is rather unusual that we permit it. One of the reasons we made it easy to permit it, to do it, is that you filed a very able brief. Better than most attorneys do. No, I started, I was looking for you in Sullivan's after I read your brief. But I have a question for you, Ms. Brookins. Why are you here? What standing do you have to be here and why are you here, since you've got what you want? And this is now, it seems to me, a matter between the lower court and Mr. Brookins. Where do you have an interest, and I'm talking legally, as a legal counsel, in this case? Well, because I was there for the bid, and I just responded to it. Do you really care? I'm interested in the outcome. Who are you representing in this argument? Yourself or the court? I'm going to say myself. Shouldn't the Attorney General be the one that is defending the court? On behalf of Judge McMaster, because the issue here is the appropriateness of that order, and it's really, she is really the, that judge is basically the appellee. But since he served me, it was my first. No, no, I'm not talking about that. You haven't done anything wrong. We're talking about your legal status. And I still have a problem identifying your interests as properly being involved in this proceeding. I had the same question, but I didn't know quite how to address it. Have a seat. And that's something we're still going to have to resolve. Yeah. Please have a seat. We'll hear from counsel for Mr. Brookins, and then we'll proceed from there. Thank you. Counsel, what was your name again? Robert Josack for Howard Brookins, Jr. May it please the Court, Mr. Brookins? Your Honors, this matter comes before you on a petition, a 214-01 petition, to vacate a contempt finding that was made in the court below. I think Your Honors has raised a very important issue as to what interest Ms. Brookins has. And he served her with notice as required under the rules. But with respect to her interest, having an interest in this matter, we don't believe she does have. But nevertheless, she does raise matters which, whether she has an interest or not, would be something that the court would be obligated to raise on its own. The question of mootness, which invokes questions about our own jurisdiction in the case, to ascertain, number one, whether you have a right to appeal a purged contempt to this court as perhaps. Now, I'm not saying you're without remedy, although I'm not sure you may be, because I don't know where the distinction lays between a purged contempt and a non-contempt, so to speak, which would be the case if it were voided, and whether, if it is a purged contempt, your only recourse would be to bring some sort of mandamus action against the trial judge rather than an appeal from it. These are questions. When I said earlier that the degree of interest that we have in the case is not correlated to the size of the briefs, I was thinking of your case, you know, because they're not questions that I have the answer to, you know. May I interject? Sure. Mr. Perkins, Jr. is an attorney. Is he not? Yes, he is. So this has a significant impact on his license, and any contempt order remains with him as an attorney unless and until it's vacated. So there is quite a significant – Even if it's a civil contempt? Even if it's a civil contempt. Absolutely. Any contempt is going to follow Mr. Perkins. It is still a record, Your Honor. So he has a significant interest here in getting that order vacated, not purged, but vacated. It absolutely does. And it is an interesting distinction. And some people might argue there is no distinction, but there is an enormous distinction. A contempt order that was entered and purged is a record. A contempt order that is vacated is void ad initio. But even that distinction, even if it has any flesh on it, which it very well may, doesn't necessarily entitle you to due process at the right to appeal. Your Honor, it doesn't necessarily do that because the line is so thin. With respect to the right to appeal, Your Honor, the contempt order, it's our contention in the trial court and in this court that it was entered without proper notice, without an opportunity to be heard. And in that scenario – You're claiming two really substantial defects. One, he wasn't properly served, and two, even if he had notice of it and maybe waived that particular portion because his lawyer didn't show up, he never had an evidentiary hearing, nor was he given the opportunity to have one before the court entered New York. Correct, Your Honor. And I think that the same – I understand. No, I understand that part. And I suppose the question is whether the opportunity that he did have for a hearing on his motion to vacate could compensate for his lack of a hearing initially in the imposition of the contempt order. That's a question, isn't it? Certainly, Your Honor. With respect to the underlying problem that gave rise to this entire matter, it's a procedural defect. This did not go the way rules to show cause normally proceed. Normally there's a petition for a rule. You present it to the court. The court hears it, issues a rule, sets a return date. Notice must be sent to the party potentially to be held in contempt. They are entitled to appear with evidence on their behalf to show why they should not be held in contempt. Here that was not done that way. There was a petition to issue a rule to show cause. The trial court, in one order, simultaneously, issued a rule, held him in contempt with no opportunity to provide him notice. No, on May 8th. He didn't appear on May 8th. It was a continued date, and the court issued the rule and issued its contempt sanction. Found him in contempt on that day. On that same day. In his absence. True. But with the presence of his lawyer. His lawyer was there. True, but there was no opportunity for a hearing because no one was there to give evidence. You don't have to add a buck because I'm basically saying what you're saying. Fair enough. I think we understand your position. And your brief covers all of the points very carefully. Judge, one additional matter. One other thing. Go ahead. One additional matter. With respect to the basis for jurisdiction, our notice of appeal cites 301 and 304b3. To be on the safe side, all you had to do was 301. The contempt appeal is a separate proceeding. Absolutely. Well, that would be a 304b5. It would, but with respect to a separate proceeding. But in this case, it probably has both the elements of an independent contempt citation, plus the fact that the rest of the case is over, too. Correct. So it has overtones of 301 if it is, in fact, appealable under 301. My own notion is that if it becomes appealable under 304, it no longer remains appealable under 301 because you have to bring it within 30 days of the order. With respect to that issue? Yes. As you do when you have a 304a certification. You can't wait until the end of the case at that point. The time for appeal runs as of that date. So I have a question whether your motion to vacate extends that date. If it doesn't, you may be out of court. The reason that we assert that it was brought timely was the petition to vacate was a 214.01 petition. Okay. That's appealable separately under, I think, what is it? Is that 304 or 307? 304b3. 304b3. As an independent case, but it's still not a 301 appeal. It's a 304. Okay. And with respect to that, we argued it in the alternative because counsel raised it in her response. Our notice of appeal, however, cites 304b3 and 301. But that's all right. I mean, as long as you have 304 in there, and even if you didn't, that doesn't throw you out if, in fact, you're entitled under 304. Fair enough. Okay. Your Honors, I've indicated. Are there no further questions? Should I proceed? I think you could sit down. Thank you. Please. I think the first question out of the box here is that, you know, we just paid you a compliment on your briefing. What's your standing to even be here? Well, I've got to tell you up front, regardless of what we do, somebody's missing an opportunity to have a great paralegal. You see what the problem is with your standing? Okay. I guess I suppose we can treat her as an amicus. Well, I also think that you should be advised that you don't have to argue anything in your brief. You can do what some have done and say you'll rest on this if you wish to do that. You have that to do as well. I think you should at least be told you don't have to argue what's in your brief or the jurisdiction or anything else. But don't take that as a hint that we don't want you to argue. But I'm not saying that that's what you should do. I'm just saying that, you know, that was not mentioned earlier, and I'm throwing that out there too. Why don't you say anything you want to say? Go ahead. The only thing that I wanted to reiterate about Mr. Perkins did have the opportunity to fulfill his obligation under the initial court order. So he was willful in that he did not comply with the order originally. But you don't know that he never sent that check to you. You know you never received that check, but he says he sent it in April. But you don't know that you didn't receive it because you never cashed any such check. But that doesn't mean he didn't send one. He allegedly tended to return, but that was on the date that I was to have received it. So he did not comply with the order within the 35-day period. But did the attorneys also indicate to the court at the subsequent hearing that he was never advised that he had to be in court that day? They did. All right. Okay. Well, I'm just saying that that's what they said. I just ask that you... Your brief is up for record. Thank you. Anything else you want to say? One further issue. Sure. I don't think it's addressed in the briefs. The applicability of the Circuit Court Rule 6.1. Oh, yeah. Which is also a notice... Provision. A provision and... That refers you to 105. The Supreme Court... Correct. 105. And they don't address the applicability of that rule and how... Your position is that there has to be personal service. Service on the attorney of record is not sufficient. That's correct. There was an attorney of record already in the case. This was in the context of the divorce proceeding. Yes. So there was an attorney of record. You're saying that that service is insufficient under VETS... For the contempt. Under VETS and under the local Circuit Court Rule 6.1. Under the rules, there must be personal service. But the local rules aren't necessarily jurisdictional. Well, the Supreme Court rule may well be jurisdictional, although it's not necessarily... It's not 100% that way. It's jurisdictional with respect to service of summons and where you're initiating a new proceeding. It's not clear to me, at least at this point, that it necessarily has a jurisdictional impact if it's applied to other matters for which service is required. Your Honor, we would respond that it is a jurisdictional issue in that it sets it out in written form that, in this case, it's very important that someone not be held in contempt because of the... It's not clear to me, for example, that actual knowledge wouldn't substitute for service with respect to this proceeding, even though it would not be a substitute for service if this were a new cause of action being filed. With respect to actual notice, Judge? Yeah. There was not notice upon this individual, Mr. Brookins. There was not actual notice. The attorneys testified in the subsequent hearing that they understood that Mr. Brookins would not need to appear because payment had been made pursuant to the Court's order. And for that reason, he was not advised of it, was not aware of it, and he gave testimony that, had he been aware of it, he would have been present to present evidence on his behalf to prevent contempt finding. I would ask that the Court vacate the contempt finding as to Mr. Brookins. Thank you both. The case will be taken under advisement. We'll take a short recess.